FILED

2005 Dec-20  AM 09:15
U.S. DISTRICT COURT
N.D. OF ALABAMA

**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

BILLIE J. ELLIS and )
LARRY E. ELLIS, )
 )
      Plaintiffs, )
 )
v. ) No. 2:04-cv-2681-JEO
 )
JONATHON C. GRUNEWALD and )
BARBARA SHIPES GREGG, )
 )
      Defendants. )

## MEMORANDUM OPINION

_____This diversity action is before the court on defendant Jonathon Grunewald's (hereinafter

"Grunewald")[1] motion for summary judgment.  (Doc. 12).  The plaintiffs, Billie and Larry Ellis

(hereinafter "the plaintiffs" or "the Ellises") assert claims of combined and concurring

negligence, negligence per se, and wantonness against Grunewald and co-defendant Barbara

Shipes Gregg (hereinafter "Gregg").  (Doc. 1).  For the reasons set out herein, the court finds that

the defendant's motion for summary judgment is due to be granted in part and denied in part.

### FACTS[2]

On August 27, 2003, around 3:00 p.m., the parties to this case were involved in a traffic

accident on I-65 South near Alabaster, Alabama.  (Grunewald Dep. at p. 26).[3]  The plaintiffs

were traveling in the left hand lane when traffic started to slow and eventually stopped.  (Larry

---

[1]Although Grunewald's last name is spelled "Gruenwald" throughout the pleadings, he testified at his deposition that the correct spelling is G-r-u-n-e-w-a-l-d.  (Grunewald Dep. at p. 44).

[2]The facts set out below are gleaned from the parties' submissions and they are viewed in a light most favorable to the non-moving party.  They are the "facts for summary judgment purposes only.  They may not be the actual facts.  *See Cox v. Administrator U.S. Steel & Carnegie*, 17 F.3d 1386, 1400 (11th Cir. 1994)."  *Underwood v. Life Insurance Co. of Georgia*, 14 F. Supp. 2d 1266, 1267 n.1 (N.D. Ala. 1998).

[3]Excerpts from Grunewald's deposition are located at document 14, exhibit 4 I nteh court's record of the case.

Ellis Dep. at p. 8).[4]  The plaintiffs stopped their vehicle one and one-half to two car lengths

behind the vehicle in front of them.  (*Id*.).  After being stopped for a second or two, Billie Ellis

turned to her husband, Larry Ellis, who was driving their vehicle, and asked if he thought the

SUV that was approaching them from behind would be able to stop.  (Larry Ellis. Dep. at p. 9;

Billie Ellis Dep. at p. 34).[5]  Larry Ellis looked in the rearview mirror, saw grey smoke blowing

out from the wheel wells of the SUV behind them, and felt the impact before he could answer his

wife.  (Larry Ellis Dep. at p. 9).  Within three to four seconds after the impact, the Ellises stated

that he felt a second, lesser impact.  (*Id*.).  According to both of the plaintiffs, the second vehicle,

driven by Gregg hit their vehicle, causing a substantial impact, and then there was a secondary

impact seconds later, cased by Grunewald rear-ending Gregg.  (Larry Ellis Dep. at p. 18; Billie

Ellis Dep. at p. 43).

      Gregg, however, testified that she stopped her car within a foot of the Ellises car and

"breath[ed] a sigh of relief that she didn't hit him."  (Gregg Dep. at p. 32).[6]  She had her foot on

the brake when her car was struck from behind by Grunewald's car.  (Gregg Dep. at p.49).

Gregg thought she felt two instantaneous impacts.  (Gregg Dep. at p. 72).  Grunewald does not

know whether Gregg's SUV hit the Ellises car before he hit her.  (Grunewald's Dep. at p. 33).

**SUMMARY JUDGMENT STANDARD**

      Summary judgment is to be granted only if "the pleadings, depositions, answers to

interrogatories, and admissions on file, together with the declarations, if any, show that there is

---

[4]Excerpts from Larry Ellis's deposition are located at document 14, exhibit 3 in the court's record of the case.

[5]Excerpts from Billie Ellis's deposition are located at document 14, exhibit 1.

[6]Excerpts from Gregg's deposition are located at document 14.

no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986). The party asking for summary judgment "bears the initial burden to show the district court, by reference to materials on file, that there are no genuine issues of material fact that should be decided at trial. Only when that burden has been met does the burden shift to the nonmoving party to demonstrate that there is indeed a material issue of fact that precludes summary judgment." *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991); *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157, 90 S. Ct. 1598, 1608, 26 L. Ed. 2d 142 (1970).

The movant can meet this burden by presenting evidence showing there is no dispute of material fact, or by showing that the nonmoving party has failed to present evidence in support of some element of her case on which she bears the ultimate burden of proof. *Celotex,* 477 U.S. at 322-23; *see* FED. R. CIV. P. 56(a) and (b). Once the moving party has met her burden, Rule 56(e) "requires the nonmoving party to go beyond the pleadings and by . . . affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex*, 477 U.S. at 324. The nonmoving party need not present evidence in a form necessary for admission at trial; however, the movant may not merely rest on the pleadings. (*Id.*).

After a motion has been responded to, the court must grant summary judgment if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c). The substantive law will identify which facts are material and which are irrelevant. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986). "[T]he judge's function is not himself to weigh the evidence and determine the truth of

3

the matter but to determine whether there is a genuine issue for trial." *Anderson*, 477 U.S. at

249.

## DISCUSSION

Grunewald asserts that summary judgment is due to be granted because it would be "pure

speculation" for a jury to find liability premised on the testimony of the plaintiffs. (Motion at p.

2).[7]  The defendant argues that "[o]ne could equally infer from the evidence that the alleged

injuries were *either* caused by Mrs. Gregg or caused by Mr. Greunwald [sic], or caused by both."

(*Id*. at p. 4) (italics in original).  This assertion is premised on the deposition testimony of Mrs.

Ellis, wherein when asked about differentiating between the two impacts she stated, "I just know

I was very badly hurt, and I felt two impacts.  And to what contribution that second one made to

my injuries, I don't know.  I don't know how to do this."  (Billie Ellis Dep. at p. 49).  She

concluded stating, "I don't know how to answer that question.  I don't know.  What you're

looking for, I don't know."  (*Id*. at p. 51).  As to Mr. Ellis, the defendant notes that he testified at

deposition that he knew "one of the two" impacts caused his injuries, but he was not sure which

one.  (Larry Ellis Dep. at p. 37).  The plaintiffs respond that there is a factual dispute concerning

the roles the defendants played in causing the crash or crashes into the plaintiffs' car and their

resulting injuries.  (Opp. Brief at p. 4).[8]  They also assert that the defendant cannot avoid liability

simply due to an inability of the plaintiffs to "parse out" the effect of the second impact.  (*Id*. at

p. 6).  They further contend that defendant Gregg's testimony that her striking the Ellises' car

was due to Grunewald.  (*Id*. at p. 1).  In his reply, counsel for Grunewald states that Gregg did

---

[7]The motion for summary judgment is located at document 12.

[8]The opposing brief is located at document 14.

4

not testify that the two strikes she felt caused her to hit the Ellises' car twice.  (Reply at p. 2).

Counsel concludes that "the Ellises could not establish a fact question, by simply showing a

conflict between their bare allegations of harm concurrently caused, and contrary *evidence*."  (*Id.*

at p. 4) (italics in original).[9]

---

[9]In the reply, the defendant also notes that the plaintiffs have not opposed his motion for summary judgment "on any of their tort claims except that of their negligence claims." (*Id.* at p. 3).  The plaintiffs have not disputed this assertion.

Upon a review of the record, the court finds that the plaintiffs have not demonstrated any evidence to overcome the defendant's motion to the extent it seeks summary judgment on the wantonness claim.  The Eleventh Circuit Court of Appeals stated in *Deviner v. Electrolux Motor, AB*, 844 F.2d 769, 772-73 (11th Cir. 1988), as follows:

> The nature of a cause of action for wantonness is fully explained in *Lynn Strickland Sales v. Aero-Lane Fabricators, Inc.*, 510 So. 2d 142, 145 (Ala. 1987):
>
>> Wantonness is not merely a higher degree of culpability than negligence. Negligence and wantonness, plainly and simply, are qualitatively different tort concepts of actionable culpability.  Implicit in wanton, willful, or reckless misconduct is an acting, with knowledge of danger, or with consciousness, that the doing or not doing of some act will likely result in injury.  The element of intent, or knowledge, is not present in simple negligence, and the element of intent does not raise a person's conduct to merely a greater degree of negligence as, for instance, gross negligence.  As the Court stated in *Smith v. Roland*, 243 Ala. 400, 403, 10 So. 2d 367, 369 (1942), quoting 5 Mayfield's Digest, p. 711, section 6: "'Gross negligence' is negligence, not wantonness.  Before one can be convicted of wantonness, the facts must show that he was conscious of his conduct and conscious from his knowledge of existing conditions that injury would likely or probably result from his conduct, that with reckless indifference to consequences, he consciously and intentionally did some wrongful act or omitted some known duty which produced the injury."  Negligence is usually characterized as an inattention, thoughtlessness, or heedlessness, a lack of due care; whereas wantonness is characterized as an act which cannot exist without a purpose or design, a conscious or intentional act. "Simple negligence is the inadvertent omission of duty; and wanton or wilful misconduct is characterized as such by the state of mind with which the act or omission is done or omitted."  *McNeil v. Munson S.S. Lines*, 184 Ala. 420, 425, 63 So. 992 (1913).  "Simple negligence, 'the inadvertent omission of duty', is not an element of wantonness." *Atlantic Coast Line R.R. v. Barganier*, 258 Ala. 94, 101, 61 So. 2d 35 (1952).
>
> The distinction between wantonness and negligence has a long history in our case law.  In *Sington v. Birmingham Ry. Light & Power Co.*, 200 Ala. 282, 284, 76 So. 48 (1917), the Court stated:
>
>> "An act or omission is simple negligence or a wanton or intentional wrong according to the absence or presence of the mental state of the person who did or omitted to do that which duty required in the premises, and, if the person intended to inflict the injury or did the act with a knowledge and consciousness that his doing of the act or omitting to act will likely result in injury to another, he is guilty of willful or wanton misconduct or omission, and is not guilty of simple negligence."
>
> As summarized by this Court in *Cook v. Branick Mfg. Inc.*, 736 F.2d 1442, 1448 (11th Cir. 1984):
>
>> Under Alabama law wantonness is the conscious doing of some act or omission of some duty under knowledge of existing conditions and conscious that from the doing of such act or omission of such duty injury will likely or probably result.  Before a party

5

A review of the facts in this matter reveals that the motion for summary judgment is due to be denied as to the negligence claims.  In order to determine liability and damages in this matter on these claims, a factual determination as to the number of impacts and the sequence of events leading up to the same must be made since the facts are disputed.  The plaintiffs assert there were two impacts.  Gregg is inconsistent.  At some points in her deposition, she asserts there was only one.  In other parts, she asserts there were two.  Specifically, she testified:

> Q.  You were stopped at the time that the car being driven by Mr. Gruennwald struck the rear of your GMC Yukon?
>
> A.  Yes.
>
> Q.  How long were you stopped before that impact occurred?
>
> A.  Before he hit me in the rear?
>
> Q.  That's right.
>
> A.  It -- just happened real quickly.  I stopped and I got hit.
>
> . . . .
>
> Q.  How much distance was there between your GMC Yukon and the back of the car that the Ellis's [sic] were in at the time that you were hit from behind?
>
> A.  I was very -- I was very close.  I stopped just before I hit him.
>
> Q.  Why were you so close to the back of the Ellis car?

---

could be said to be guilty of wanton conduct it must be shown that with reckless indifference to the consequences he consciously and intentionally did some wrongful act or omitted some duty which produced the injury.  *Schuler v. Nelson Weaver Cos.*, 270 Ala. 727, 121 So. 2d 908, 909 (1960).  The defendant's state of mind distinguishes wantonness from negligence claims.  Negligence requires only that the defendant should have known of a dangerous condition whereas "[w]antonness may arise from knowledge that persons . . . are likely to be in a position of danger."  *W.T. Ratliffe Co. v. Purvis*, 292 Ala. 171, 291 So. 2d 289, 292 (1974).  The Alabama courts have stated that negligence and wantonness are mutually exclusive. *Thompson v. White*, 274 Ala. 413, 149 So. 2d 797, 804 (1963). . . .

Nothing before the court demonstrates the requisite wantonness to overcome the motion for summary judgment.

A.  When I stopped?

Q.  When you got hit from behind?

A.  Well, when I saw his brake light, I put on brakes immediately and --
but by the time I got stopped, since he was already stopped, I was pretty close to
him.

Q.  Okay.

A.  But I was –

Q.  A matter of –

A.  But I was just breathing a sigh of relief that I didn't hit him when I got hit.

Q.  Were you inches from his -- the back of his car at the time that you were hit?

A.  I'm guessing more like a foot.

. . . .

Q.  And it is -- it is your position that you hit them one time; correct?

A.  Yes.

Q.  And that your GMC Yukon was at a dead stop with the brake on; correct?

A.  Yes.

Q.  And that you were hit and you kept your foot on the brake; correct?

A.  After the collision?

Q.  When you were hit from behind, you kept your foot on the brake; correct?

A.  Yes.

Q.  An that the force of the collision behind you propelled you into the car
ahead that the Ellis's [sic] were in?

A.  Yes.

. . . .

Q.  You -- your best judgment is that you were a foot away?

A.  A foot or less.

. . . .

Q.  Mrs. Gregg, I'm going to ask you a few questions.  You told us about the hit from behind by the car that was driven by Mr. Gruenwald [sic].  How many impacts did you feel coming from the back of your car?

A.  I thought that I felt two and I told Mr. Ellis that.  And it was just instant -- instantaneous.  I -- there was one and then I just felt like there was another one.

Q.  Coming from the back of the car?

A.  From the back, yes.

(Gregg Dep. at pp. 30-32, 48-49 and 72).  However, one thing that Gregg is consistent about is the fact that she stopped before she struck the Ellises' car and that it was Grunewald's striking her vehicle that propelled her into the plaintiffs' car.

The difficulty in this case is that the events occurred so rapidly that the parties appear to have difficulty differentiating distinct events or occurrences.  At this juncture, the court must review the facts in a light most favorable to the plaintiffs.  Under the circumstances and applicable law, the court is  precluded from granting summary judgment on the negligence claims.  These claims must be left for a jury to judge the perception, bias, and credibility of the parties and any other witnesses.

**CONCLUSION**

Premised on the foregoing, the defendant's motion for summary judgment (doc. 12) is due to be granted as to the wantonness claim and denied as to the negligence claims.  An

8

appropriate order will be entered contemporaneously herewith and an order setting a pretrial conference will be forthcoming.

      **DONE**, this the 19th day of December, 2005.

_John E. Ott_

**JOHN E. OTT**
United States Magistrate Judge

9