FILED
2007 Jan-24 PM 04:56
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| BILLIE J. ELLIS and <br> LARRY E. ELLIS, <br><br> Plaintiffs, <br><br> v. <br><br> JONATHAN C. GRUNEWALD and <br> BARBARA SHIPES GREGG, <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) 2:04-cv-02681-JEO <br> ) <br> ) <br> ) <br> ) <br> ) |

## MEMORANDUM OPINION

This diversity action is again before the court on the motion of USAA Insurance Company (hereinafter "USAA")[1] to remand (doc. 32), USAA's "Notice of Opting Out" (doc. 35), and the motion to dismiss USAA by the plaintiffs Billie and Larry Ellis (hereinafter "the plaintiffs") (doc. 36), and defendant Barbara Gregg's (hereinafter "Gregg") opposition to proceeding (doc. 38).

## BACKGROUND

The plaintiffs assert claims of combined and concurring negligence, negligence per se, and wantonness against defendant Jonathan Grunewald and co-defendant Gregg. (Doc. 1). The court previously denied Grunewald's motion for summary judgment on the negligence claims and granted the same as to the wantonness claims. (Doc. 19 & 20). The matter was set for a pretrial conference, and then for trial. The parties next sought to mediate the case. They initially were unsuccessful in settling the case. The parties filed a "Joint Motion to Continue" so that the

---

[1] Although Grunewald's last name is spelled "Gruenwald" throughout the pleadings, he testified at his deposition that the correct spelling is G-r-u-n-e-w-a-l-d. (Grunewald Dep. at p. 44).

plaintiffs could add USAA as a party defendant. (Doc. 29). The motion was granted. The plaintiffs then filed their motion to add USAA. (Doc. 30). The motion was unopposed and was granted by the court. (March 7, 2006 Docket Entry). The complaint was amended on May 31, 2006.

On June 29, 2006, USAA filed a motion to remand this matter to Shelby County Circuit Court premised on a lack of diversity jurisdiction. (Doc. 32). On December 28, 2006, USAA filed a "Notice of Opting Out." (Doc. 35). The plaintiffs then filed a motion to dismiss USAA from the case. (Doc. 36).

## FACTS[2]

This action arises out of a vehicular collision on August 27, 2003, on I-65 South near Alabaster, Alabama. The plaintiffs were struck from behind by Gregg. They also assert that they were struck a second time by Grunewald. Defendant Gregg disputes the plaintiffs' version of the events. The plaintiffs have asserted an underinsured motorist claim against USAA, their insurance carrier.

## DISCUSSION

The issue before the court is whether the granting of the plaintiffs' earlier motion to join USAA defeats the court's jurisdiction in this matter. Upon consideration of the briefs of the parties and the law, the court finds that it does not.

The plaintiffs assert that under Federal Rule of Civil Procedure 21, "[p]arties may be dropped or added by order of the court on motion of any party or of its own initiative at any stage of the action and on such terms as are just." (Doc. 36 at ¶ 3 (citing FED. R. CIV. P. 21)). They

---

[2]The facts are derived from the court's earlier ruling on the motion for summary judgment.

further assert that USAA is not an indispensable party to this action. (*Id*. at ¶ 4). In support of this argument, they rely upon *Broyles v. Bayless*, 878 F.2d 1400 (11th Cir. 1989) and *Toole v. Chupp*, 2006 WL 2949177 (M.D. Ala. September 19, 2006). Gregg counters that these cases are distinguishable and this court lacks subject matter jurisdiction. (Doc. 38).

In *Broyles*, a Tennessee plaintiff who was injured in a car accident in Tennessee sued a Georgia defendant in a Georgia federal court premised on diversity jurisdiction. The plaintiff served a copy of his lawsuit on his Tennessee uninsured motorist carrier as provided for under Tennessee law. The carrier participated in the action, including the filing of a motion to dismiss which contended that the court lacked diversity jurisdiction because it and the plaintiff were from the same State. Following a non-jury trial, the trial granted the motion to dismiss premised upon a lack of jurisdiction. The plaintiff appealed. The Eleventh Circuit identified the relevant question, "Should a federal court consider the residence of an uninsured motorist carrier, served with process pursuant to Tennessee's uninsured motorist statute, when determining diversity for federal jurisdiction purposes?" *Broyles*, 878 F.2d at 1401.

Following a discussion of the general principles of insurance law and defining a real party in interest, the court stated:

> No reasons exist for transferring what is essentially an interstate dispute into a local one. *Cf. Lester v. McFaddon*, 415 F.2d 1101, 1104 (4th Cir. 1969) (diversity jurisdiction meant to exclude purely local controversies even if they have a contrived interstate appearance). As Congress recognized in passing 28 U.S.C. § 1332(c), it is the parties involved in the accident, not the insurance company, that should normally define the local or interstate nature of the action. Unless the insurance company interjects itself into the controversy in such a way that it has direct liability and/or active, visible and primary control of the litigation, its citizenship should not be considered for purposes of diversity jurisdiction.

> While Tennessee law confers upon Tennessee Farmers the option to defend the lawsuit, it also requires that the action be brought against the tortfeasor and that the tortfeasor be allowed to employ counsel of choice. Thus, if Tennessee Farmers either cannot or does not exercise the option to actively and visibly defend the lawsuit, it lacks the requisite control over the litigation to be a real party in interest for diversity purposes.
>
> In this case, Broyles and not Tennessee Farmers substantially controlled the litigation. Both of the Broyles are Tennessee residents and Bayless is a Georgia resident. The amount in controversy is satisfied and therefore diversity jurisdiction exists. . . .

*Broyles*, 878 F.2d at 1406.

Gregg asserts that *Broyles* is distinguishable factually and legally because the plaintiffs in this action have asserted "a direct claim against their UM carrier. *Broyles* makes it clear that the states are higher when an insurer has been sued directly and in that situation, the insurer's citizenship must be considered." (Doc. 38 at 3). The court agrees that *Broyles* is factually distinguishable as the present case, but, as will be discussed below, the court does not find that distinction sufficient to dismiss this action.

In *Toole*, the plaintiffs brought an action involving a vehicle accident in state court against defendant driver Matthew Chupp, defendant owner Don Bramlett, and against the plaintiffs' underinsured motorist carrier, ALFA Insurance Company. The defendants removed the action to federal court premised on diversity jurisdiction. The plaintiffs moved to remand the action premised on a lack of diversity as Toole and ALFA are Alabama citizens. ALFA argued that there was complete diversity because it had "opted out" of the litigation and was a nominal party whose citizenship could be ignored. *Toole*, 456 F. Supp. 2d at 1219. Applying *Broyles*, the court concluded that "ALFA's involvement here is insufficient to take it outside the general rule that '[liability insurance companies] are usually not treated as parties to an action involving their

4

insured.' *Broyles*, 878 F.2d at 1404." *Toole*, 456 F. Supp. 2d at 1222.  The court also stated:

> This result is also consistent with the Congressional intent behind 28 U.S.C. § 1332(c), which provides that, "in any direct action against the insurer . . . to which action the insured is not joined as a party defendant, such insurer shall be deemed a citizen of the State of which the insured is a citizen."  Section 1332(c) was passed in response to situations where, in direct-action States, the injured party would elect to sue a diverse insurance company alone, without joining the nondiverse insured, in order to create diversity jurisdiction.  *Broyles*, 878 F.2d at 1404 n.1.  Conversely, a plaintiff should not be able to defeat diversity jurisdiction by adding an uninsured motorist carrier that is playing only a nominal role.

*Id*.  Gregg respectfully asserts that *Toole* was improperly decided.  (Doc. 38 at 3).  Specifically, Gregg states that the *Toole* court failed to adequately account for the fact that "Alabama allows direct actions and Tennessee does not.  The absence of a direct action is the essential fact that led the *Broyles* court to conclude that the UM carrier was not a real party." (Doc. 38 at 3).  This court disagrees with the significance of Gregg's distinction.

The focus of the decision in *Broyles* was the fundamental question of whether the insurer had "a real and substantial stake in the litigation and [whether it] exercise[d] *substantial control* over the litigation." *Id*., 878 F.2d at 1403-06 (italics in original).  The court concluded that under the circumstances, the insurer was not the real party in interest and it did not "substantially control the litigation." *Id*. at 1405.[3]  In *Toole*, the court similarly found that ALFA was named simply to place it on notice of the action as required by Alabama law and that AFLA was not assuming control of, or seeking to control, the litigation. *Id*., 456 F. Supp. 2d at 1221-22.  The

---

[3]The court stated:

> In sum, the essential nature of the present proceeding is an action in tort between diverse citizens for the recovery of injuries sustained in an automobile accident.  The essential effect of the lawsuit is to adjudicate the liability of Bayless.  If Bayless successfully defends himself, Tennessee Farmers will escape any financial obligations to Broyles.

*Id*. at 1405.

court concluded, "[t]herefore, ALFA's involvement here is insufficient to take it outside the general rule that '[liability insurance companies] are usually not treated as parties to an action involving their insured.' *Broyles*, 878 F.2d at 1404." *Toole*, 456 F. Supp. 2d at 1222.

This case is factually distinguishable from the others in that the plaintiffs did commence the direct action as to USAA. However, the court does not under the present circumstances find that sufficient to warrant dismissal of this action for lack of jurisdiction. As in *Broyles* and *Toole*, this is a tort action between diverse citizens for compensation for injuries sustained in an automobile accident. *Broyles*, 878 F.2d at 1405; *Toole*, 456 F. Supp. 2d at 1221-22. The plaintiffs in this action "amended their Complaint to protect their rights to underinsured motorist benefits in the event that a verdict was rendered that exceeded the insurance coverage of the defendant(s) determined to be at fault." (Doc. 37 at 2). USAA has chosen to "opt-out" of this litigation and has agreed to be bound by the jury's decision. *Id*. at 7. They are, at most, a nominal party to this action.

In view of the foregoing, the court finds that, pursuant to Rule 21, defendant USAA is due to be dropped from this litigation. In so finding, the court sees no harm or detriment to the interests of any party (the plaintiffs or Gregg) in the granting of the plaintiffs' motion.

## CONCLUSION

The court finds that it does retain diversity jurisdiction in this matter. The plaintiffs' motion to dismiss USAA (doc. 36) is due to be granted and the motion of USAA to remand is denied[4] (doc. 32). A trial date for the remaining parties will be set by separate order.

---

[4] The court also notes that because this action was commenced in this court and not in Shelby County Circuit Court, a remand would not be the proper mechanism for addressing the jurisdictional question in this instance.

**DONE**, this the 24th day of January, 2007.

_____
**JOHN E. OTT**
United States Magistrate Judge